FINAMORE ET AL., APPELLANTS, *v.* CANN ET AL., APPELLEES.

(No. CA-541—Decided February 10, 1975.)

*Messrs. Cohen, Todd, Kite & Spiegel* and *Mr. Edward A. Hogan,* for appellants.

*Mr. Robert A. Jones* and *Mr. W. Kenneth Zuk,* for appellees.

SCHNEIDER, J. This cause came on to be heard upon the appeal; the transcript of the docket and journal entries; the original papers from the Court of Common Pleas of Clermont County; the transcript of the proceedings; the assignments of error; and the briefs and arguments of counsel.

Plaintiffs, the appellants herein, filed their Complaint against the defendants—the members of the Board of County Commissioners of Clermont County and the Board itself, as a body politic and corporate—alleging that defendants constructed and maintained a sewer system into which plaintiffs tapped to serve their residence; that the system was defective to the extent that the residence has been flooded more than 82 times with human waste and raw sewage; and that the situation is ongoing.

Plaintiffs further claim a virtual total diminution in value of the residence amounting to a taking of their property for public use without compensation, for which they ask $30,000, and demand compensation for additional damage to personal property; labor expended; emotional stress; embarrassment; and great inconvenience. They pray for a judgment in the sum of $50,000 and "for such other relief as the court may deem necessary and proper." Defendants moved to dismiss the Complaint, thereby admitting all of the facts set forth above. The trial court allowed the motion, and this act has become the basis for this appeal.

There are two assignments of error, but they readily coalesce into one proposition: that the trial court erred in finding as a matter of law that a cause of action will not lie against defendants for the taking of private property for public use without paying compensation therefor.

The Judgment Entry appealed from indicates that, at the judge's request, testimony was offered from which he made certain findings to which we will presently refer. In support of that judgment, defendants insist that the Complaint states a cause of action for negligence and that they, as a subdivision of the state, partake of the state's immunity from responding in damages therefor. We agree

that this is substantially a correct statement of the law, but it does not dispose of this appeal.

Manifestly, plaintiffs may not recover from defendants money damages for their own inconvenience, or for labor expended by them, predicated upon the negligence of the agents of the county. However, plaintiffs have presented a factual pattern devoid of legal labels, but amounting to a serious nuisance existing at least upon a part of their property, for which defendants appear to be responsible. The trial court found, from the evidence which he requested to be presented, that plaintiffs could withdraw from the sewer system, but the substitution of a septic system and leaching bed would have violated the regulations of the board of health. Such a finding left plaintiffs in a wholly untenable position. The trial court should have recognized that plaintiffs, in addition to damages, sought other relief to which, by law, they are entitled.

We therefore reverse the judgment below and remand this cause for further proceedings. If upon a trial of the issues, the facts alleged are found to be true, plaintiffs are entitled either to an injunction to restrain the continuation of the nuisance, under the authority of *Wayman* v. *Bd. of Edn.*, 5 Ohio St. 2d 248, or, if the nuisance cannot be abated and the court finds that the situation amounts to a "taking" of private property by defendants, to a writ of mandamus directing defendants to institute appropriation proceedings to compensate plaintiffs for whatever property rights may be found to have been taken from them, under the authority of *State, ex rel. Royal,* v. *City of Columbus,* 3 Ohio St. 2d 154.

*Judgment reversed and cause remanded.*

SHANNON, P. J., and PALMER, J., concur.