## White v. Morris
*[Cite as 6 AOA 115]*

*Case No. 1836*
*Scioto County, (4th)*
*Decided August 8, 1990*

*Mr. Michael T. White, Lucasville, Ohio, Pro Se, for Plaintiff-Appellant.*

*Mr. Anthony J. Celebrezze, Jr., Ohio Attorney General, and Mr. Steven P. Fixler, Assistant Attorney General, Cincinnati, Ohio, for Appellees.*

HARSHA, J.

This is an appeal from a judgment entered by the Scioto County Court of Common Pleas dismissing the civil complaint filed by Southern Ohio Correctional Facility (S.O.C.F.) inmate Michael T. White, plaintiff-appellant, for failure to state a claim upon which relief can be granted. Defendants, Morris, Schramm and Seth are all employees of the State of Ohio and are, respectively, the superintendent, mail supervisor, and a corrections officer at S.O.C.F.

Appellant assigns the following error:
"THE COURT OF COMMON PLEAS ERRED WHEN DISMISSING THE COMPLAINT ON GROUND OF FAILURE TO STATE A PUNITIVE GROUND FOR RELIEF THEREOF."

On November 3, 1988, appellant filed a complaint which alleged, in pertinent part, as follows:

On August 18, 1988 between 8:00 and 8:30 AM, while in his cell, appellant received legal mail from the Columbus, Ohio office of the American Civil Liberties Union. The mail had already been opened when appellant received it. Upon advising a prison corrections officer that the letter had been opened and that he wished to file a grievance, the mail was taken by a corrections officer. The foregoing conduct violated the established prison procedure regarding the issuance of legal mail to inmates. Appellant had previously informed appellee Superintendent Morris on several occasions that his legal mail had been tampered with, but Morris refused to acknowledge appellant's complaints. Appellee Corrections Officer Seth testified that appellant came to the mail room window on August 17, 1988 and picked up his legal mail. Appellee Mail Supervisor Schramm conducted an investigation of appellant's grievance and determined, based upon Seth's statements, that appellant's mail had not been tampered with. Appellees Seth and Schramm then issued a "R.I.B. Ticket" against appellant for filing a false grievance.

Appellant's complaint alleged that appellees were being sued individually and in their official capacities, that they were acting under color of state law, that they acted with malicious, deliberate, and intentional indifference to the established prison procedure by committing the aforementioned acts, and that appellees' conduct constituted "Deception, Defraud, Deprive, Theft, false pretense, gross negligence, conspiracy, and aiding and abetting." Appellant's complaint further alleged that the action was being brought under both federal law, i.e. 42 U.S.C. Section 1983, and state law. Appellant prayed for compensatory damages in the amount of $450,000, punitive damages in an unspecified amount, and reasonable attorney's fees.

On December 7, 1988, appellees filed a motion to dismiss appellant's complaint pursuant to Civ. R. 12(B) (1) and (6) on the grounds that the trial court lacked jurisdiction over the subject matter of the complaint and that the complaint failed to state a claim upon which relief can be granted. On July 14, 1989, the lower court granted appellees' Civ. R. 12(B) (6) motion and dismissed appellant's complaint on the basis that it failed to state a claim upon which relief can be granted.

Appellant's sole assignment of error on appeal asserts that the trial court erred in granting appellees' Civ. R. 12(B)(6) motion to dismiss the complaint. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ. R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242, syllabus. In ruling on a motion to dismiss under Civ. R. 12(B)(6), the material allegations of the complaint are assumed to be true and are taken as admitted. *Phung v. Waste Management, Inc.* (1986), 23 Ohio St. 3d 100, 102.

A complaint alleging Section 1983 as a basis for the complaint must meet two requirements:

(1) there must be an allegation that the conduct in question was performed by a person under color of law; and

(2) the conduct must have deprived the person of a federal right." *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St. 3d 191, 199. In the case at bar, appellant's complaint unquestionably satisfied the first requirement since it explicitly alleged that appellees were acting under color of state law.

With respect to the second requirement regarding a deprivation of a person's federal right, when a prison regulation or practice offends a fundamental constitutional guarantee, courts will discharge their duty to protect constitutional rights. *Turner v. Safley* (1987), 482 U.S. 78, 84. Prisoners have a fundamental and substantive liberty interest in uncensored mail and prison regulations restricting prisoners' rights to uncensored mail must be reasonably related to valid corrections goals. *Procunier v. Martinez* (1974), 416 U.S. 396; *Turner, supra;* see also *Jackson v. Procunier* (5th Cir. 1986), 789 F. 2d 307.

Appellees claim that appellant's complaint failed to state a claim upon which relief can be granted because appellant failed to allege any "intentional" opening of his legal mail or resultant prejudice. *Jackson, supra.* However, appellant's complaint specifically alleged that appellees' actions in tampering with his mails in failing to follow prison procedure, and in not rectifying these problems were "malicious, deliberate and intentional." Moreover, appellant alleges that appellees issued an improper "R.I.B. Violation" against appellant in retaliation for his grievance concerning tampering with his legal mail. Accordingly, the trial court erred in dismissing appellant's complaint pursuant to Civ. R. 12(B)(6) since the complaint alleged claims upon which relief can be granted.

However, appellees additionally assert that since the trial court lacked subject matter jurisdiction over appellant's complaint, the trial court properly dismissed the complaint, albeit for different reasons. Appellees contend that this conclusion is mandated because the state is the real party in interest, there were no allegations that appellees acted with malicious purpose, in bad faith, or in a wanton or reckless manner, and appellees' demand was solely for monetary relief.

An action against a state officer or employee will be treated as one against the state for purposes of R.C. Chapter 2743 where the state, though not a party to the suit, is the real party against whom relief is sought, and where a judgment for the plaintiff, though nominally against the defendant as an individual, could operate to control the action of the state or subject it to liability. *Cooperman, supra* at paragraph one of the syllabus. In the case at bar, unlike those cited by appellees in support of their argument, see, e.g. *Scot Lad Foods, Inc. v. Secy. of State* (1981), 66 Ohio St. 2d 1 and *Friedman v. Johnson* (1985), 18 Ohio St. 3d 85, no state funds are sought to be recovered and this action does not seek to control state action or to subject the state to liability. Indeed, appellant's complaint stated that appellees had intentionally violated and/or disregarded established prison procedure. Accordingly, the state was not the real party in interest in the instant case and, consequently, the trial court did not lack jurisdiction on this basis to determine appellant's claim for monetary damages. Furthermore, appellant's allegations, if proven, would be sufficient to remove the immunity granted by R.C. 9.86 and R.C. 2743.02(A)(1).

Appellees finally contend that R.C. 2743.02(F) divests courts of common pleas of initial subject matter jurisdiction and thus, the

trial court did not err in dismissing appellant's complaint. R.C. 2743.02(F) provides as follows:

"(F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction* to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

"The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code." (Emphasis added.)

Appellant's complaint included both state and federal claims against appellees individually and in their official capacities. The procedure set forth in R. C. 2743.02(F) applies to state law against the State of Ohio and/or its employees. *Parks v. Wilkins* (S.D. Ohio 1988), 716 F. Supp. 1028. Accordingly, the state law claims raised by appellant were properly dismissed since R.C. 2743.02(F) grants the Court of Claims exclusive, original jurisdiction to determine initially whether appellees were entitled to personal immunity under R.C. 9.86 and whether the trial court had jurisdiction over appellant's state law claims. *Wilson v. Patton* (February 2, 1990), Hocking App. No. 88CA9, unreported; *Tschantz v. Ferguson* (1989), 49 Ohio App. 3d 9.

However, R.C. 2743.02(F) has no application to federal claims whether brought in federal or state court. *Besser* v. *Dexter* (July 12 1990), Hocking App. No. 88CA7, unreported, p. 3. In this regard, the Sixth circuit Court of Appeals in *Leaman v. Ohio Dept. of Mental Retardation* (6th Cir. 1987), 825 F. 2d 946, *cert. denied* (1988), ___U.S.___, 101 L.Ed. 2d 882, held as follows at p. 953:

"We see nothing inconsistent with [Section] 1983 in the offer the state has made in its Court of Claims Act. The Ohio statute gives claimants an option not otherwise available to them, and any claimant who does not like the statutory option is free to reject it and prosecute a [Section] 1983 action against the state's officials just as if the Court of Claims Act had never been passed. Such an action may be maintained either in federal court or in an Ohio court of common pleas, without any necessity of filing an action in the Court of Claims."

Based upon the foregoing authority, the trial court had jurisdiction to determine appellant's federal claims. Therefore, for the foregoing reasons, appellant's assignment of error is sustained in part and the judgment of the trial court dismissing appellant's complaint is affirmed with respect to appellant's state law claims and reversed with respect to appellees' federal law claims, with the cause remanded for further proceedings consistent with this opinion.[1]

GREY, J., concurs in judgment and opinion.

ABELE, P.J., concurs in judgment only.

---

[1] Appellant may refile his complaint's state law claims in the Court of Claims. However, since R.C. 2743.02(A) (1) provides that "any cause of action" which the filing party has against a state officer or employee is waived by the filing of a complaint in the Court of Claims, appellant would arguably risk dismissal of his federal claims in the trial court with such filing. See *Leaman, supra,* where the Sixth Circuit Court of Appeals held that the R.C. 2743.02(A) (1) waiver applies to federal causes of action as well as causes of action based on state law.