JOHNSON, Appellant,

v.

WILKINSON, Director, et al., Appellees.

[Cite as *Johnson v. Wilkinson* (1992), 84 Ohio App.3d 509.]

Court of Appeals of Ohio,
Ross County.

No. 92CA1900.

Decided Dec. 23, 1992.

510

*Willard E. Johnson, pro se.*

*Lee Fisher,* Attorney General, *Gary D. Andorka* and *Robert W. Myers,* Assistant Attorneys General, for appellees Reginald A. Wilkinson, Terry L. Morris and Susan Dunn.

*Richard G. Ward,* Ross County Prosecuting Attorney, for appellee George T. Wright.

---

HARSHA, Judge.

Willard E. Johnson, plaintiff-appellant, appeals from a judgment entered by the Ross County Court of Common Pleas dismissing his amended complaint brought under Section 1983, Title 42, U.S.Code for a declaratory judgment, injunctive relief and damages against Reginald A. Wilkinson, Director of the Ohio Department of Rehabilitation and Corrections, Terry L. Morris, Warden of the Chillicothe Correctional Institution ("CCI"), Susan Dunn, Deputy Warden of CCI, and George T. Wright, Director of Environmental Health for Ross County.

Appellant assigns the following errors:

"I. The trial court erred to the prejudice of plaintiff-appellant in making a factual determination that plaintiff-appellant had not exhausted administrative remedies prior to litigation of his claims to the court.

"II. The trial court erred to the prejudice of plaintiff-appellant in granting the motion to dismiss without first accepting as true the well pleaded allegations of the complaint and construing them most favorably to plaintiff-appellant.

"III. The trial court erred to the prejudice of plaintiff-appellant in dismissing his complaint *sua sponte* as to the defendant Health Inspector."

On April 29, 1992, appellant, an inmate incarcerated at CCI, filed a complaint for declaratory judgment, injunctive relief and money damages which named appellees as defendants in both their individual and official capacities. Prior to any motion or responsive pleading to the original complaint, appellant filed an amended complaint seeking similar relief against the same defendants on May 22, 1992. The complaint, as amended, stated that it was being brought pursuant to Section 1983, Title 42, U.S.Code to challenge confinement conditions at CCI. The amended complaint also raises state law claims against appellees by alleging that they violated state statutes and health and fire regulations and that they were guilty of gross negligence and/or willful and wanton misconduct. The amended complaint alleged that CCI's conditions included lack of fire safety devices and fire escapes, inadequate plumbing, heating and cooling, unsanitary kitchen, dining, and living areas, overcrowding, insufficient toilet facilities, asbestos contamination, inadequate hospital facilities, lack of security, and rodent and insect infestation. The amended complaint further provided:

"12. On or about November 4, 1991, plaintiff filed a grievance to the Institutional Inspector at CCI alleging *inter alia* that the crowding of additional beds into the hall ways [*sic*] of D dormitory and other areas was in essence creating a situation whereby if an emergency would occur many could be seriously injured. The defendants have not responded to any of the complaints.

"13. Due to the seriousness of the overcrowding at CCI, including but not limited to, the forcing of some 44 beds into the hall ways [*sic*] of CCI, plaintiff filed a Motion to Enforce in the federal court while being under the impression that CCI was in fact under a consent decree which could be enforced. However, after some research and later finding out that the consent decree did not involve such situations, plaintiff immediately dismissed the motion to enforce based on jurisdiction and filed the case *sub judice* to this Court. * * * "

The amended complaint did not incorporate the consent decree. Appellant requested a declaratory judgment that appellees' procedures and acts "violated plaintiff's rights under Ohio Statutory Laws, regulations, health and fire codes, and further violate plaintiff's rights under the United States Constitution." Appellant further prayed for injunctive relief, compensatory and punitive damages.

On May 28, 1992, appellees Wilkinson, Morris and Dunn filed a motion to dismiss appellant's amended complaint pursuant to Civ.R. 12(B)(1) and (6). The Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction was based upon their contention that the Court of Claims, not a common pleas court, had exclusive initial jurisdiction in Section 1983 actions against state employees. The Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted was based on several grounds, including that appellant had failed to

exhaust his administrative remedies pursuant to Ohio Adm.Code 5120–9–31 as required by the consent decree entered in *Frost v. Denton* (Dec. 30, 1982), S.D.Ohio No. C–2–79–62, unreported. An uncertified copy of that decree was attached to the dismissal motion.

On June 8, 1992, appellee Wright filed an answer to appellant's amended complaint which asserted several defenses, including failure to state a claim upon which relief can be granted and lack of jurisdiction over the subject matter, and requested dismissal. Appellant subsequently filed a memorandum in opposition to appellees Wilkinson, Morris and Dunn's motion to dismiss. On July 28, 1992, the trial court entered a judgment dismissing appellant's amended complaint on the basis that appellant had not complied with the *Frost* consent decree, since he "failed to establish he had exhausted his remedies prior to filing this action."

Appellant's first assignment of error asserts that the trial court erred in making a factual determination that he had not exhausted his administrative remedies prior to litigation of his claims to the court. His second assignment of error asserts that the trial court erred in granting the motions to dismiss without accepting as true the allegations of his amended complaint and construing the allegations most favorably to appellant. In that these assignments of error raise similar issues of law, we will consider them jointly.

Under either a Civ.R. 12(B)(1) or (B)(6) dismissal motion, we must independently review the issue as a matter of law. However, the legal standard involved varies depending upon whether the trial court granted either appellees' Civ.R. 12(B)(1) or (B)(6) motion to dismiss when it determined that appellant had failed to exhaust his administrative remedies as required by the *Frost* consent decree. Civ.R. 12(B)(1) permits dismissal when the trial court lacks subject matter jurisdiction and Civ.R. 12(B)(6) provides for dismissal when the complaint fails to state a claim upon which relief can be granted.

▮ In Ohio, the doctrine of exhaustion of administrative remedies is a court-made rule of judicial economy which is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 111, 564 N.E.2d 477, 479–480, citing *Weinberger v. Salfi* (1975), 422 U.S. 749, 765, 95 S.Ct. 2457, 2466–2467, 45 L.Ed.2d 522, 538–539. The purpose of the doctrine is to permit an administrative agency to apply its special expertise and in developing a factual record without premature judicial intervention. *Nemazee, supra,* 56 Ohio St.3d at 111, 564 N.E.2d at 479–480.

■ Failure to exhaust administrative remedies is not a jurisdictional defect and does not justify a collateral attack on an otherwise valid and final judgment; it is an affirmative defense which must be timely asserted in an action or it will be considered waived. *Gannon v. Perk* (1976), 46 Ohio St.2d 301, 309–310, 75 O.O.2d 358, 362–364, 348 N.E.2d 342, 347–348; *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 276, 71 O.O.2d 247, 254, 328 N.E.2d 395, 404. We note that in *Nemazee, supra*, 56 Ohio St.3d at 111, 564 N.E.2d at 479, fn. 3, the Supreme Court of Ohio stated in dicta, without citation of any supportive authority and without expressing any desire to overrule its prior holdings in *Gannon* and *Driscoll*, that the failure to exhaust administrative remedies *was* a jurisdictional defect and that the issues "are the same under either Civ.R. 12(B)(1) or 12(B)(6)." Given the fact that these statements were not expressly included in the *Nemazee* syllabus, we are persuaded that *Gannon* and *Driscoll* control. We hold that the failure to exhaust administrative remedies does not affect a court's subject matter jurisdiction, but merely is an affirmative defense that must be timely raised and established.[1] Therefore, we must proceed initially pursuant to the legal standard set forth for Civ.R. 12(B)(6) rather than Civ.R. 12(B)(1).

■ In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065; *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 754–755. In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *York, supra*. Unlike motions under Civ.R. 12(B)(1), here the court is restricted to the complaint in answering this question of law. See, *e.g., Jenkins v. Eberhart* (1991), 71 Ohio App.3d 351, 354, 594 N.E.2d 29, 30–31, citing *State ex rel. Alford v. Willoughby Civ. Service Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 784.

■ To establish a Section 1983 claim, two elements are required: (1) the conduct in controversy must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of rights, privileges or

---

1. This is not to suggest that there is no authority for the *Nemazee* dicta's assertion that this affects subject matter jurisdiction. See, *e.g.*, 5A Wright & Miller, Federal Practice and Procedure (2 Ed.1990) 195, Section 1350, stating that a Fed.R.Civ.P. 12(b)(1) motion *"may be appropriate"* when a plaintiff has failed to exhaust administrative remedies that are a prerequisite to the suit (emphasis added). At any rate, our conclusion in this case would be the same concerning the *Nemazee* dicta. See discussion, *infra*.

■

immunities secured by the Constitution or laws of the United States. *Shirokey v. Marth* (1992), 63 Ohio St.3d 113, 116, 585 N.E.2d 407, 410; *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456, 459. Appellees do not deny on appeal that appellant's complaint sufficiently alleges both of the foregoing elements. Rather, appellees claim that the *Frost* consent decree required dismissal because appellant had failed to exhaust the administrative remedies specified in that decree. However, appellant's amended complaint did not contain this decree. Instead, an uncertified copy of the decree was attached to appellees Wilkinson, Morris and Dunn's motion to dismiss. Affirmative defenses may generally not be raised by Civ.R. 12(B)(6) motions. They are properly raised by motions for summary judgment. See, *e.g., State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703–704. Therefore, assuming that failure to exhaust administrative remedies is an affirmative defense that does not affect subject matter jurisdiction pursuant to *Gannon* and *Driscoll, supra,* the trial court erred in granting appellees' Civ.R. 12(B)(6) motion to dismiss since it considered material not contained in the amended complaint.

Alternatively, assuming, *arguendo,* that under the circumstances of this case, the language in *Nemazee* at 56 Ohio St.3d at 111, 564 N.E.2d at 479, fn. 3, controls and the failure to exhaust administrative remedies is a jurisdictional prerequisite, we are not persuaded that our result would be different. The standard to apply for a dismissal pursuant to Civ.R. 12(B)(1), lack of jurisdiction over the subject matter, is whether the plaintiff has alleged any cause of action which the court has authority to decide. *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414, 418–419; *Avco Financial Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378. However, in determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus; *McHenry, supra,* 68 Ohio App.3d at 62, 587 N.E.2d at 418–419. A court may dismiss a complaint for lack of jurisdiction over subject matter on the basis of (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Jenkins, supra,* 71 Ohio App.3d at 355, 594 N.E.2d at 31, citing *Williamson v. Tucker* (C.A.5, 1981), 645 F.2d 404, 413.

We begin our analysis of Civ.R. 12(B)(1)'s application to appellant's action by noting that his amended complaint is at least partially premised on claims brought pursuant to Section 1983, Title 42, U.S.Code. It has been

expressly held by the Supreme Court of Ohio that exhaustion of state administrative remedies is not required prior to obtaining relief pursuant to Section 1983, Title 42, U.S.Code in state court. *Gibney v. Toledo Bd. of Edn.* (1988), 40 Ohio St.3d 152, 532 N.E.2d 1300, syllabus, citing *Felder v. Casey* (1988), 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123. Appellees, however, rely upon the "parties'" agreement as set forth in the *Frost* consent decree rather than upon statutory or case law. We note that a contract may provide the basis for an exhaustion of administrative remedies requirement. *Nemazee, supra,* 56 Ohio St.3d at 112, 564 N.E.2d at 480–481. The 1982 consent decree issued by the United States District Court for the Southern District of Ohio, Eastern Division, provided:

"1. This is a class action for declaratory and injunctive relief brought under 42 U.S.C. Section 1983 and 28 U.S.C. Sections 2201 and 2202, filed on January 16, 1979.

"2. In an order of November 17, 1979, the Court certified this action under Rule 23(b)(2), Federal Rules of Civil Procedure. The Court certified a plaintiff class of all present and future inmates of the Chillicothe Correctional Institute (CCI).

" * * * *

"105. All inmate complaints regarding compliance with the terms of paragraph 104 or any other item, term, or condition mentioned in this consent decree shall be made in writing to the Institutional Inspector pursuant to Ohio Administrative Code Rule 5120–9–31.

"106. *No civil complaint,* citation for contempt, or any other pleading *regarding compliance with the terms of paragraph 104 or any other item, term, or condition mentioned in this consent decree will be considered by this Court unless accompanied by evidence that the procedures specified in Rule 5120–9–31 have been exhausted.* Such evidence shall include true and accurate copies of the grievances, filed pursuant to Rule 5120–9–31, and the replies thereto, or an affidavit affirmatively stating that the procedures called for by Rule 5129–9–31 have been exhausted.

"107. This consent decree describes and affects the Chillicothe Correctional Institute as it exists on December 3, 1982. No item, term, or condition of this consent decree is intended to affect the construction and management of any new buildings or institutions constructed outside the existing fenced compound described in paragraph 11." (Emphasis added.)

Contrary to the view espoused by appellees and apparently adopted by the court below, the plain language of the consent decree limits the exhaustion requirement to civil actions to be considered by "this Court," *i.e.,* the federal district court. The consent decree does not purport to impose this requirement

on *all* civil actions, only to those filed in the United States District Court for the Southern District of Ohio, Eastern Division. Furthermore, as appellant notes, in the subsequent case of *Shockey v. Wilson* (Mar. 26, 1992), S.D.Ohio No. C–2–79–62, the same court that issued the *Frost* consent decree in 1982 stated that the *Frost* consent decree was "never intended to freeze conditions at CCI into the position they were in when the decree was signed" and that the decree was "simply not broad enough to cover any and all changes made at the institution." [2] Therefore, the trial court erred in dismissing the Section 1983 claims of the amended complaint, whether it be under Civ.R. 12(B)(1) or (B)(6).

■ It appears that appellant's amended complaint also asserts state law claims against all appellees. Appellant's state law claims against Wilkinson, Morris and Dunn, as state employees, are barred by R.C. 2743.02(F) because the Court of Claims possesses exclusive, original jurisdiction to determine initially whether they were entitled to personal immunity under R.C. 9.86. *White v. Morris* (1990), 69 Ohio App.3d 90, 95, 590 N.E.2d 57, 60–61; *Wilson v. Patton* (1990), 66 Ohio App.3d 46, 583 N.E.2d 410. However, appellant's Section 1983 claims are not subject to state law defenses. *White, supra; Besser v. Dexter* (1990), 68 Ohio App.3d 510, 512, 589 N.E.2d 77, 78–79; see, also, *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 292–293, 595 N.E.2d 862, 869–870. Moreover, since appellant's state law claims against appellee Wright were against a county employee instead of a state employee, R.C. 2743.02(F) does not divest the trial court of jurisdiction over those claims either. See R.C. 2743.02(F) and 109.36, defining "officer or employee" for purposes of the Court of Claims jurisdictional provisions. Accordingly, the trial court erred in dismissing appellant's Section 1983 claims against all of the appellees and further erred in dismissing his state law claims against appellee Wright. The trial court properly dismissed appellant's state law claims against appellees Wilkinson, Morris and Dunn, albeit for an incorrect reason. See *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175, for the proposition that this court reviews the propriety of judgments and not the trial court's underlying rationale. Appellant's first and second assignments of error are sustained in part and overruled in part. [3]

---

2. We also note that consent decrees may constitute the basis to prove the affirmative defense of *res judicata*. See, generally, Annotation, Modern Views of State Courts as to Whether Consent Judgment is Entitled to Res Judicata or Collateral Estoppel Effect (1979), 91 A.L.R.3d 1170; 63 Ohio Jurisprudence 3d (1985), Judgments, Section 273. However, *res judicata* may generally not be raised in a Civ.R. 12(B) motion. *Freeman, supra.*

3. By so holding, we do not find it necessary to reach appellant's argument that his amended complaint sufficiently alleged exhaustion of administrative remedies by stating that he had filed a grievance on November 4, 1991 but had never received any response to the grievance.

Appellant's third assignment of error asserts that the trial court erred in dismissing his amended complaint *sua sponte* as to appellee Wright. Appellant contends that since appellee Wright never joined in the other appellees' motion to dismiss or filed a motion to dismiss on his own behalf, the trial court erred in *sua sponte* ordering dismissal as to appellee Wright. Cf., *e.g.*, *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335, syllabus. However, appellant (and apparently appellee Wright, who does not assert this in his appellate brief), ignores the language of the rule, which allows the Civ.R. 12(B)(1) and (B)(6) motions to dismiss to be raised *either* by motion *or* by "responsive pleading." See Civ.R. 12(B). In appellee Wright's June 8, 1992 answer to the amended complaint, he explicitly raised both Civ.R. 12(B)(1) and (B)(6) grounds for dismissal. The answer bore a certificate of service, indicating that a copy was sent to appellant. Therefore, the trial court's dismissal was not *sua sponte* as to appellee Wright. Appellant's third assignment of error is overruled.

Accordingly, in that we have sustained in part appellant's first and second assignments of error, the judgment of the trial court dismissing appellant's amended complaint is affirmed with respect to any state law claims against appellees Wilkinson, Morris and Dunn and reversed and remanded for further proceedings as to the Section 1983 claims against all appellees and the state law claims against appellee Wright.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

STEPHENSON, P.J., and PETER B. ABELE, J., concur.