OPINION
Daniel Shell appeals from a judgment of the Montgomery County Court of Common Pleas which dismissed his complaint with prejudice.
On May 21, 1999, Shell filed a complaint against Crain's Run Water and Sewer District ("Crain's Run"), a regional water and sewer district, alleging, inter alia, that its Phase II Water Project ("water project") would cause unsanitary health conditions, would constitute an unconstitutional taking of private property for a public use without compensation, and would violate the laws of Ohio. Along with his complaint, Shell filed a motion for a temporary restraining order to prevent Crain's Run from beginning construction on the water project.
On June 23, 1999, Crain's Run filed a motion to dismiss pursuant to Civ.R. 12(B), arguing that Shell's complaint failed to state a claim upon which relief could be granted, failed to join a party as required by Civ.R. 19, and that the trial court lacked subject matter jurisdiction to hear the case. At 12:04 p.m. on September 1, 1999, the trial court granted the motion to dismiss, stating only as follows:
 This matter came before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff failed to respond to said Motion. For good cause shown, Plaintiff's Complaint and all Counts therein are hereby dismissed with prejudice, costs to Plaintiff.
Later that day at 2:11 p.m., Shell filed his memorandum in opposition to the motion to dismiss.
Shell advances two assignments of error on appeal.
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SUSTAINING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO CIVIL RULE 12(B)(6) AND DISMISSING PLAINTIFF'S COMPLAINT.
Shell argues that the trial court erred when it dismissed his complaint for failure to state a claim upon which relief can be granted because "[a] review of Counts One through Six of [his] Complaint, when construed most favorably to [him] and accepted as true, clearly established [sic] that claims have been set forth under Civil Rule 8(A)."
"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v.University Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. "`In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.'" Yorkv. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144,573 N.E.2d 1063, 1064-1065, quoting Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. Although the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are *** not sufficient to withstand a motion to dismiss." State ex rel. Hickman v.Capots (1989), 45 Ohio St.3d 324, 324, 544 N.E.2d 639, 639; see, also, Mitchell, 40 Ohio St.3d at 192-193, 532 N.E.2d at 756;Garofalo v. Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95,104, 661 N.E.2d 218, 224. "A Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution." Stateex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995),72 Ohio St.3d 464, 467, 650 N.E.2d 1343, 1345-1346; see, also, Stateex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 109, 647 N.E.2d 799, 802. "A court cannot dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail." Leichtman v. WLW Jacor Communications,Inc. (1994), 92 Ohio App.3d 232, 234, 634 N.E.2d 697, 698. Our review of the trial court's decision to grant the motion to dismiss for failure to state a claim upon which relief can be granted is de novo. Turner Liquidating Co. v. St. Paul SurplusLines Ins. Co. (1994), 93 Ohio App.3d 292, 294, 638 N.E.2d 174,176.
Civ.R. 8(A) requires that a claim for relief contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Although "Civ.R. 8(A) provides that a pleading *** need not state all elements of the claim, enough must be pleaded so that the *** entity sued has adequate notice of the nature of the action." Saylor v.Providence Hosp. (1996), 113 Ohio App.3d 1, 4, 680 N.E.2d 193,194-195. The pleader is not required to allege every fact that he intends to prove because such facts may not be available until after discovery. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378, 381.
In its entirety, Shell's complaint stated as follows:
 1. Now comes [Shell] and says that [Crain's Run] is a duly organized Regional Water and Sewer District pursuant to Chapter 6119 of the Ohio Revised Code, having been formed pursuant to the "Decision and Order, Finding of Fact and Conclusion of Law", entered by Judge John W. Kessler in Case No. 95-162 on the docket of the Montgomery County Common Pleas Court.
 2. [Shell] says that he is a [sic] owner of real property located in The Crain's Run Water and Sewer District.
 3. [Shell] says that he has received notice from [Crain's Run] that they intend to impose a special assessment upon his property to implement what [Crain's Run] refers to as "Phase II Water Project".
 4. [Shell] has been informed by [Crain's Run] that the extension of the water services do [sic] not include the extension of sewer services to collect, treat and dispose of the waste water within the service area.
FIRST COUNT
 5. [Shell] says that the only waste water collection treatment and disposal in the proposed "Phase II" area are privately owned individual septic systems and that the increase in the water supply in the proposed area without providing for the disposal of the waste water caused by the increase in water supply will flood septic systems and cause unsanitary health conditions within the proposed area covered by "Phase II".
 6. The unsanitary conditions caused by the excess of water supply will damage [Shell] and other residents in the proposed area.
SECOND COUNT
 7. [Shell] and other owners in the proposed special assessment area will be assessed by [Crain's Run] whether or not they tap into the water line installed by [Crain's Run]. Thus, the imposition of the special assessment is unconstitutional under Section 19 Article 1 of the Ohio Constitution as the taking of private property for a public use without compensation.
THIRD COUNT
 8. [Shell] and approximately eighteen (18) other owners in the proposed special assessment area have petitioned the City of Miamisburg under Ohio Revised Code Section 743.12 to extend water and sewer services to their properties. The petition is presently pending before the Miamisburg City Council. The extension would be for both water and sewer services and no special assessment would be made until tap ins were made into the water and sewer lines.
FOURTH COUNT
 9. [Shell] and other residents in the proposed special assessment area are in the process of preparing an annexation petition into the City of Miamisburg. If the annexation petition is granted and the area becomes a portion of Miamisburg, the water and sewer lines will be provided by the City of Miamisburg and assessed when used.
FIFTH COUNT
 10. The actions of [Crain's Run] are contrary to the laws of the State of Ohio and the Constitution of the State of Ohio.
SIXTH COUNT
 11. [Shell] has no adequate remedy at law unless [Crain's Run] is restrained from proceeding with the installation of the water line and the special assessment proposed by [Crain's Run].
 WHEREFORE, [Shell] prays for an injunction restraining [Crain's Run] from proceeding with the construction of said water line and from levying any special assessments, for costs of this action and attorney fees.
In his first count, Shell alleged that the water project would cause damage to the property of residents in the affected area. In support of this allegation, he claimed that the water project would increase the water supply in the area, that the increased water supply would flood the individually-owned septic systems of the area residents, and that the flooded septic systems would cause unsanitary health conditions which would damage the residents' property. Assuming these factual allegations to be true, we cannot say that it is beyond doubt that Shell could prove no set of facts entitling him to recovery for nuisance or trespass. See Brown v. County Commissioners of Scioto County
(1993), 87 Ohio App.3d 704, 715-717, 622 N.E.2d 1153, 1160-1162;Wayman v. Board of Edn. (1966), 5 Ohio St.2d 248, 250, 252,215 N.E.2d 394, 396-397; Finamore v. Cann (1975), 43 Ohio App.2d 134,136, 334 N.E.2d 518, 519-520. Thus, the trial court erred if it dismissed count one pursuant to Civ.R. 12(B)(6).
In his second count, Shell alleged that he would be subject to the special assessment regardless of whether he tapped into the new water line. Crain's Run correctly argues that it does have statutory authority to levy and collect special assessments to cover the costs of the water project. R.C. 6119.06(I); R.C.6119.42; R.C. 6119.43. Crain's Run further argues that the constitutionality of such assessments has been "repeatedly and consistently upheld" and cites Schiff v. City of Columbus (1965),4 Ohio App.2d 234, 211 N.E.2d 917 and Walsh v. Barron (1899),61 Ohio St. 15, 55 N.E. 164 in support of its argument.
The Schiff case that Crain's Run cites was reversed by the supreme court in Schiff v. City of Columbus (1967), 9 Ohio St.2d 31,223 N.E.2d 54. In that opinion, the supreme court reviewed the validity of an assessment for road improvements and stated:
 The enhancement in the value of property that results from a public improvement is the special benefit that will support an assessment against that property to pay for the improvement. Such enhancement in value of such property is a benefit to its owner that accrues to him and not to the public or to the rest of the community.
Id. at paragraph four of the syllabus.
In Walsh, the supreme court reviewed the validity of an assessment made for road and sewer construction. Walsh,61 Ohio St. at 16, 55 N.E. at 165. The court stated:
 The fundamental principle underlying an assessment made on property for the cost and expense of a local public improvement is, that the property is specially benefited [sic] by the improvement beyond the benefits common to the public, and that a ratable assessment of the property to the extent of these benefits violates no constitutional right of the owner, and is just and proper. But it can in no case exceed the benefits without impairing the inviolability of private property.
(Emphasis added.) Id. at paragraph one of the syllabus. Thus, "an assessment *** is necessarily limited to the value of the benefits *** conferred." Id. at 24, 51 N.E. at 166. An assessment in excess of the benefit "impair[s] the inviolability of private property *** guaranteed by the constitution." Id.
Shell claims that he will be assessed by Crain's Run regardless of whether he taps into the water project. Assuming this to be true, we cannot say that it is beyond doubt that Shell could prove no set of facts entitling him to recovery on this count. Although Shell did not allege that the assessment exceeded the benefit that the water project would confer upon him, he was not required to allege every fact that he intended to prove and his allegation was sufficient to put Crain's Run on notice of the nature of this claim. Thus, the trial court erred if it dismissed count two pursuant to Civ.R. 12(B)(6).
In his third and fourth counts, Shell claimed that property owners in his area were in the process of petitioning Miamisburg to extend water and sewer services to their properties and to be annexed into Miamisburg. These counts fail to state any elements of a cognizable cause of action.
In his fifth count, Shell claimed that the water project was contrary to the laws and Constitution of Ohio. This allegation is an unsupported conclusion and is too general to give Crain's Run adequate notice of the claim that Shell is attempting to pursue.
Shell's sixth count stated that he had "no adequate remedy at law unless [Crain's Run] is restrained from proceeding." Making all reasonable inferences in Shell's favor, we cannot say that it is beyond doubt that Shell could prove no set of facts entitling him to recovery on this count. Although this count has no independent viability, when read in relation to counts one and two, it supports Shell's request for an injunction, so the trial court erred if it dismissed count six pursuant to Civ.R. 12(B)(6).
Thus, the trial court did not err if it dismissed counts three through five pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Although the trial court did err if it dismissed counts one, two, and six pursuant to Civ.R. 12(B)(6), Crain's Run argues that these counts were properly dismissed pursuant to Civ.R. 12(B)(1).
Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 80, 537 N.E.2d 641, 644. This determination involves a question of law that we will review de novo. Shockeyv. Fouty (1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304, 306.
Crain's Run claims that the trial court properly dismissed Shell's complaint for lack of subject matter jurisdiction because Shell waived his objections to the assessment when he failed to contest the assessment pursuant to R.C. 6119.48. R.C. 6119.48
provides a process through which a land owner can object to an assessment by filing his objection with the secretary of the board of trustees of the water district. The statute states, "[a]n owner who fails so to file such an objection shall be deemed to have waived any objection to his assessment." R.C. 6119.48.
"Failure to exhaust administrative remedies is not a jurisdictional defect ***; it is an affirmative defense which must be timely asserted in an action or it will be considered waived."Johnson v. Wilkinson (1992), 84 Ohio App.3d 509, 515,617 N.E.2d 707, 711.
Thus, a plaintiff's failure to exhaust administrative remedies does not affect the trial court's subject matter jurisdiction.Id.
Count one alleges that the water project will cause damage to Shell's land. Count six relates to Shell's request for an injunction to stop the water project. These counts are not related to the assessment and thus are not addressed by R.C.6119.48. Further, these counts are cognizable in the general division of a court of common pleas.
Count two challenges the assessment by Crain's Run on Shell's property. Although there is no evidence in the record that Shell raised an objection to the assessment pursuant to R.C. 6119.48, such failure does not affect the trial court's subject matter jurisdiction. Johnson, supra. Rather, Shell's failure to object is an affirmative defense that Crain's Run can assert in the trial court. Id. Thus, the trial court erred if it dismissed counts one, two, and six pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction.
Crain's Run further argues that counts one, two, and six were properly dismissed pursuant to Civ.R. 12(B)(7). Civ.R. 12(B)(7) permits dismissal where the plaintiff failed to join a party under Civ.R. 19 or 19.1. Crain's Run argues that the trial court correctly dismissed counts one, two, and six because Shell violated Civ.R. 19 when he failed to join the city of Miamisburg and the "other owners" which he alleged will be harmed by the water project.
Civ.R. 19(A) states, in part:
 A party who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties ***. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7).
"Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) (joinder if feasible) or that leave to amend the complaint be granted." Spurlock, 42 Ohio St.3d at 81, 537 N.E.2d at 645
(citations omitted). "[D]ismissal due to a party's failure to join a necessary party is warranted only where the defect cannot be cured." Id. Thus, the trial court erred if it dismissed counts one, two, and six under Civ.R. 12(B)(7). If the trial court determined that the city of Miamisburg or the "other owners" were necessary parties, it should have either ordered that they be joined in the action or granted Shell leave to amend his complaint to include them.
The first assignment of error is persuasive with regard to counts one, two, and six of Shell's complaint and is overruled with regard to counts three through five.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ENTERING A [sic] "ENTRY DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT." (EMPHASIS ADDED).
Shell argues that the trial court erred in dismissing his complaint with prejudice. Because we sustained Shell's first assignment of error with regard to counts one, two, and six, we will address this argument with respect to counts three through five only.
Initially, we note that Civ.R. 41(B)(4) provides that "[a] dismissal (a) for lack of jurisdiction over *** the subject matter, or (b) for failure to join a party under Rule 19 *** shall operate as a failure otherwise than on the merits." (Emphasis added.) Thus, the trial court erred if it dismissed with prejudice counts three through five under Civ.R. 12(B)(1) or (7).Ohio Patrolmen's Benev. Ass'n v. MetroHealth Sys. (1993), 87 Ohio App.3d 16,22, 621 N.E.2d 833, 836-837.
We further note that the case law seems to be divided regarding whether or not a dismissal under Civ.R. 12(B)(6) is an adjudication on the merits. Cairns v. Ohio Sav. Bank (1996),109 Ohio App.3d 644, 651, 672 N.E.2d 1058, 1063 (Dyke, J., dissenting). We need not decide this issue, however, as counts three through five clearly fail to establish any cause of action. As we determined supra, they are either too general to establish claims or irrelevant to the water project and Crain's Run. Shell argues that "`leave to amend the pleadings should be granted unless the Court determines that allegations of other statements or facts consistent with the challenged pleadings could not possibly cure the defect.'" Upon review of the record, we conclude that no other statements or facts could cure the defects in counts three through five and thus the trial court properly dismissed them with prejudice.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed in part, reversed in part, and remanded for further proceedings.
BROGAN, J. and YOUNG, J., concur.