JACKSON, Appellant,

v.

OHIO BUREAU OF WORKERS' COMPENSATION, Appellee.

[Cite as *Jackson v. Ohio Bur. of Workers' Comp.* (1994), 98 Ohio App.3d 579.]

Court of Appeals of Ohio,
Scioto County.

No. 94CA2222.

Decided Nov. 17, 1994.

*John R. Stevenson,* for appellant.

*Lynn Alan Grimshaw,* Scioto County Prosecuting Attorney, and *Robert J. Hill,* Assistant Prosecuting Attorney, for appellee Scioto County Department of Human Services.

*Lee Fisher,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee Administrator, Bureau of Workers' Compensation.

STEPHENSON, Judge.

This is an appeal from a judgment of the Scioto County Court of Common Pleas which dismissed the petition of Timothy L. Jackson, appellant herein, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. The following errors are assigned for our review:

I. "The trial court below was in error in granting defendant Administrator's Rule 12(B)(6) motion to dismiss."

II. "It was and [*sic*] abuse of discretion for the trial court to dismiss the entire complaint with prejudice."

A review of the record reveals the following facts. Appellant was employed by the Scioto County Department of Human Services as a clerk/typist. In 1993, appellant developed a depressive condition and shortly thereafter was diagnosed as having bilateral carpal tunnel syndrome. Both of these conditions allegedly arose as a result of appellant's employment.

Appellant filed an occupational disease claim on January 11, 1993. Appellant's claim was disallowed by order mailed February 26, 1993, for the reason that appellant did not contract an occupational disease in the course of employment. Denial of appellant's claim was affirmed by the regional board of review on April 29, 1993. The Industrial Commission refused appellant's further appeal on June 20, 1993.

On August 5, 1993, appellant filed a notice of appeal to the Scioto County Court of Common Pleas. Appellant filed his petition pursuant to R.C. 4123.519(C) on September 2, 1993. Therein, appellant averred in paragraph one that he had made a claim for workers' compensation "due to bilateral hand paresthesia, dysthymia, and carpal tunnel syndrome, neck cracking and atypical chest wall pain," which arose out of the course of his employment with Scioto County Department of Human Services. In paragraph two of his complaint, appellant averred that bilateral carpal tunnel syndrome "and related pain" prevents him from returning to his former position as a clerk/typist. Paragraph three of appellant's complaint consists of an allegation that he "suffers from dysthymia that arose from increased stress and tension at work which prevents him from returning to his former position at the Scioto County Department of Human Services." As a result of the foregoing, appellant sought an order that he be permitted to participate in the fund.

On September 9, 1993, appellee Scioto County Department of Human Services filed its answer. On September 20, 1993, appellee administrator filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. In a supporting memorandum, the administrator argued that since there is no allegation that a physical injury caused or in some way aggravated the alleged condition of dysthymia, appellant's petition should be dismissed because a mental disorder or condition, absent physical injury, is not compensable under the Ohio Workers' Compensation Act. Appellee administrator further argued that appellant's claim of carpal tunnel syndrome should also be dismissed, as this is a "new, independent and different" condition which was never raised at the administrative level before the Industrial Commission.

On September 23, 1993, appellant filed a memorandum contra the administrator's motion to dismiss arguing, in essence, that the carpal tunnel syndrome had

in fact been raised at the hearing before the regional board of review. In addition, appended to appellant's memorandum contra are copies of letters from several physicians and a copy of appellant's notice of appeal from the order of the district hearing officer.

On October 15, 1993, the court filed its decision granting the administrator's motion to dismiss. The court's judgment entry granting appellee's motion to dismiss was filed February 1, 1994. The entry stated that "this case is ordered dismissed with prejudice." Appellant filed a timely notice of appeal.

In his first assignment of error, appellant asserts the court erred in granting the administrator's Civ.R. 12(B)(6) motion to dismiss. More specifically, appellant contends the petition alleged both psychiatric and nonpsychiatric conditions and that had he been able to prove that he contracted carpal tunnel syndrome in the course of his employment and had duly filed a claim which was denied at the administrative level, he would be entitled to the relief prayed for.

Appellees maintain the petition was properly dismissed because (1) appellant's claimed mental condition was not compensable in the absence of an injury or occupational disease, and (2) appellant failed to exhaust his administrative remedies regarding his claim for carpal tunnel syndrome.

In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 754–755. In construing a complaint upon a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all the factual allegations of the complaint and make all reasonable inferences in favor of the nonmoving party. *York, supra,* at 144, 573 N.E.2d at 1064–1065. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint. Appellate review of a court's ruling on a Civ.R. 12(B)(6) motion presents a question of law which we determine independently of the trial court's decision. See, *e.g., Ford v. Littlefield* (Dec. 14, 1993), Pickaway App. No. 93CA9, unreported, 1993 WL 525004.

Every employee who is injured or contracts an occupational disease in the course of employment is entitled to receive compensation as provided in the Revised Code. R.C. 4123.54. R.C. 4123.68 provides workers' compensation benefits for various occupational diseases. In addition to setting forth a schedule of some twenty-seven compensable occupational diseases, the statute also provides a definition for compensable unscheduled occupational diseases, as follows:

"As used in this section and Chapter 4123. of the Revised Code, 'occupational disease' means a disease contracted in the course of employment, which by its causes and the characteristics of its manifestation or the condition of the employment results in a hazard which distinguishes the employment in character from employment generally, and the employment creates a risk of contracting the disease in greater degree and in a different manner than the public in general."

Claimants have the burden of establishing these three elements for an occupational disease not scheduled in R.C. 4123.68. *State ex rel. Ohio Bell Tel. Co. v. Krise* (1975), 42 Ohio St.2d 247, 71 O.O.2d 226, 327 N.E.2d 756.[1]

■ As the Supreme Court of Ohio stated in *Rambaldo v. Accurate Die Casting* (1992), 65 Ohio St.3d 281, 284, 603 N.E.2d 975, 977, "[n]o workers' compensation claim for a psychological condition, whether the condition was denominated as a disease or an injury, has been recognized by this court when the mental disease or injury was based solely on job-related stress." Ohio's workers' compensation system has consistently recognized mental and/or emotional disabilities which have been caused by physical injuries. *Id.; Dunn v. Mayfield* (1990), 66 Ohio App.3d 336, 341, 584 N.E.2d 37, 40. Similarly, physical injuries caused by work-related mental stress are compensable. *Rambaldo; Dunn; Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379. However, mental conditions caused by job-related stress are not compensable as occupational diseases under the Workers' Compensation Act. *Rambaldo* at syllabus.

■ In the case *sub judice*, appellant avers in paragraph three of his complaint as follows:

"Mr. Jackson also suffers from dysthymia that arose from increased stress and tension at work which prevents him from returning to his former position at the Scioto County Department of Human Services."

Appellant's complaint alleges a mental condition caused by job-related stress. Such mental conditions are not compensable under Ohio's Workers' Compensation Act. *Rambaldo, supra.* Thus, the court did not err in dismissing appellant's claim for dysthymia.

With respect to appellant's allegations of carpal tunnel syndrome, appellees argue as they did below that appellant's claim was properly dismissed for failure to exhaust administrative remedies. Appellees note that while appellant's claim

---

1. Although *Krise* construed former R.C. 4123.68(BB), which has been deleted from the statute, the General Assembly has essentially incorporated the *Krise* requirements into the present version of R.C. 4123.68. See *Upshaw v. Cent. Foundry Div., Gen. Motors Corp.* (1992), 82 Ohio App.3d 636, 639, 612 N.E.2d 1283, 1285; *Miller v. Barry* (1992), 81 Ohio App.3d 393, 396, 611 N.E.2d 357, 359–360.

filed with the Bureau of Workers' Compensation contained only a claim for a psychological or dysthymic condition, appellant's petition alleges a new claim, namely bilateral carpal tunnel syndrome, which was never raised before. or determined by the Industrial Commission. Appellees contend that failure to exhaust administrative remedies divests the court of subject matter jurisdiction and therefore the court could properly look at evidence beyond the face of the complaint to determine its own jurisdiction.

In *Johnson v. Wilkinson* (1992), 84 Ohio App.3d 509, 617 N.E.2d 707, this court held that failure to exhaust administrative remedies is not a jurisdictional defect. Rather, it is an affirmative defense that must be timely raised and established. *Id.* at 515, 617 N.E.2d at 711. See, also, *Cleveland v. Bosak Dairy* (Aug. 4, 1994), Cuyahoga App. No. 65951, unreported, 1994 WL 408076. Affirmative defenses may generally not be raised in Civ.R. 12(B)(6) motions, but are properly raised in motions for summary judgment pursuant to Civ.R. 56. *Johnson, supra.* Therefore, the trial court erred in granting appellee's Civ.R. 12(B)(6) motion to dismiss the portion of appellant's complaint pertaining to bilateral carpal tunnel syndrome if, in doing so, it considered material beyond the face of the complaint.

However, it is not apparent from the court's judgment entry whether the court looked beyond the face of appellant's petition in dismissing the same. Even if a trial court has stated an erroneous basis for its judgment, a reviewing court will affirm the judgment if it is legally correct for another reason. See *Newcomb v. Dredge* (1957), 105 Ohio App. 417, 6 O.O.2d 178, 152 N.E.2d 801.

In the case *sub judice,* appellant's petition fails to state a claim for an occupational disease. While appellant has alleged that the carpal tunnel syndrome arose out of the course of his employment, appellant has not alleged that the disease by its causes and the characteristics of its manifestation or the condition of the employment results in a hazard which distinguishes the employment in character from employment generally. Further, appellant has not alleged that the employment creates a risk of contracting the disease in greater degree and in a different manner than the public in general. See R.C. 4123.68; *Krise, supra.* Accordingly, the trial court did not err in granting appellee's motion to dismiss and appellant's first assignment of error is overruled.

In his second assignment of error, appellant asserts the trial court erred in dismissing the entire complaint with prejudice. Appellant asserts he has since filed a claim for carpal tunnel syndrome under a new claim number and that the action of the trial court prevents this claim from being heard by virtue of the doctrine of *res judicata.* Appellant argues that the effect of the dismissal with

prejudice is to bar his right to recover "on what might be a valid claim" without affording him a hearing on the merits at the administrative level.

Appellant's petition was dismissed not on the merits, but rather pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. As the merits of appellant's carpal tunnel claim were never addressed, the doctrine of *res judicata* will not prevent appellant's claim from being considered on the merits at the administrative level. *Karmasu v. Tate* (Sept. 15, 1994), Scioto App. No. 94CA2217, unreported, at 2–5, 1994 WL 521235. Accordingly, appellant's second assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

PETER B. ABELE and GREY, JJ., concur.