DECISION AND JUDGMENT ENTRY
This is an appeal from a Marietta Municipal Court judgment. The trial court granted a motion to suppress evidence filed by Shawn Allan Kerns, defendant below and appellee herein.
The state appeals from the trial court's judgment and raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO SUPPRESS, AS THE ENCOUNTER BETWEEN DEFENDANT-APPELLEE AND THE LAW ENFORCEMENT OFFICER WAS CONSENSUAL AND THEREFORE DID NOT IMPLICATE THE FOURTH AMENDMENT."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO APPLY TO ITS FINDINGS OF FACT THE INVESTIGATIVE STOP EXCEPTION TO THE FOURTH AMENDMENT UNDER THE AUSPICES OF TERRY V. OHIO. [SIC]"
Our review of the record reveals the following relevant facts. On May 9, 1999, Marietta Police Officer John Woods charged appellee with driving while under the influence, in violation of R.C. 4511.19 (A) (1)
On June 7, 1999, appellee filed a motion to suppress evidence. In his motion, appellee argued that the officer unlawfully stopped him.
On June 23, 1999, the trial court held a hearing regarding appellee's motion to suppress evidence. At the hearing, Officer Woods testified that on May 9, 1999, at approximately 4:49 a.m., he approached a red light at an intersection and noticed appellee's vehicle stopped in front of his police cruiser. Woods stated that it appeared to him that appellee's vehicle's license plate was not properly lighted.[1] The officer stated that the license plate "appeared to be dark" and that as he pulled behind appellee's vehicle, "[he] couldn't really tell" because his "lights were shining on it." Officer Woods stated that he continued to observe appellee's vehicle as the vehicle drove away. The officer again noticed that the vehicle's license plate area was "totally dark." The officer stated that at that point, he stopped appellee's vehicle.
Appellee testified that when the officer stopped him, appellee had reached his final destination for the evening. Appellee stated that he did not stop his vehicle in response to any conduct on the part of the officer, but because he had reached his destination. Appellee denied that the license plate light was non-functional.
At the close of the hearing, the court wrestled with the evidence. The court found both witnesses credible, but ultimately determined that appellee was entitled to the benefit of the doubt. The court determined that the officer stopped appellee's vehicle and that the license plate light was functioning at the time of the stop. Thus, the court concluded that the officer stopped appellee without possessing any reasonable suspicion of criminal activity.
The state timely appeals the trial court's judgment granting appellee's motion to suppress evidence.
Because the state's two assignments of error are interrelated, we will address the two assignments of error together. In its first assignment of error, the state argues that the trial court erred by granting appellee's motion to suppress evidence. The state asserts that the trial court improperly concluded that the law enforcement officer violated appellee's Fourth Amendment right to be free from unreasonable seizures. The state contends that the encounter between the officer and appellee was consensual and, thus, the officer did not need to possess a reasonable suspicion of criminal activity to approach appellee. Alternatively, the state's second assignment of error asserts that the officer did in fact possess a reasonable suspicion to stop appellee. Appellant contends that the non-functioning license plate light provided the officer with reasonable suspicion to stop appellee.
Appellee argues that by failing to raise the issue in the trial court, the state waived its right to argue that the stop was consensual. Appellee also argues that assuming, arguendo, the state did not waive the issue, the stop was not consensual. Appellee further disagrees with appellant's argument that the officer possessed reasonable suspicion to stop appellee.
Initially, we note that when ruling on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. See State v. Dunlap (1995), 73 Ohio St.3d 308,314, 652 N.E.2d 988, 995; State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. Accordingly, a reviewing court must defer to the trial court's findings of fact if supported by competent, credible evidence. See Dunlap, supra;State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172,1174. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Curry, 95 Ohio App.3d 93, 96, 641 N.E.2d at 1174; State v.Shelpman (May 23, 1991), Ross App. No. 1632, unreported.
First, we note that we agree with appellee that the state has waived the argument that the encounter between Officer Woods and appellee was consensual. The state did not raise the issue during the trial court proceedings and may not raise the issue for the first time on appeal. See State v. Bing (Aug. 25, 1999), Medina App. No. 2939-M, unreported ("The State `did not raise [these] arguments at [the] suppression hearing and may not assert [them] for the first time on appeal.'" (quoting State v. Kulczak (Dec. 27, 1995), Summit App. No. 17258, unreported)). Consequently, we will not address the state's argument raised in its first assignment of error.[2]
We further agree with appellee that the trial court properly concluded that the officer lacked reasonable suspicion to stop appellee. The Fourth and Fourteenth Amendments to the United States Constitution;[3] as well as Section 14, Article I of the Ohio Constitution,[4] protect individuals against unreasonable governmental searches and seizures. Delaware v. Prouse (1979),440 U.S. 648, 662, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660; State v.Gullett (1992), 78 Ohio App.3d 138, 143, 604 N.E.2d 176, 179. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v. United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. Once the defendant demonstrates that he was subjected to a warrantless search or seizure, the burden shifts to the state to establish that the warrantless search or seizure was constitutionally permissible. Maumee v. Weisner (1999), 87 Ohio St.3d 295,297, 720 N.E.2d 507, 510; Xenia v. Wallace (1988),37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus.
The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86,565 N.E.2d 1271; State v. Venham (1994), 96 Ohio App.3d 649,654, 645 N.E.2d 831, 833. To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a person of reasonable caution in the belief that the person stopped has committed or is committing a crime. See, e.g.,Whren v. United States (1996), 517 U.S. 806, 116 S.Ct. 1769,135 L.Ed.2d 89; Prouse, supra; Terry, supra.
We note that a law enforcement officer may stop a vehicle[5]
and detain its occupants without violating the prohibition against unreasonable searches and seizures if the law enforcement officer has a reasonable, articulable suspicion to believe that an individual is violating the law. Delaware v. Prouse (1979),440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660; Maumee v. Weisner
(199), 87 Ohio St.3d 295, 297, 720 N.E.2d 507, 510.
In the case at bar, the officer asserted that he possessed reasonable suspicion that appellee was violating the law governing the lighting of license plates, R.C. 4513.05. The officer claimed that appellee's vehicle's license plate light was not properly lit, as the statute requires. The trial court, while not specifically discrediting the officer's testimony, determined to afford more credibility to appellee's testimony that the light was functioning. We will not second-guess the trial court's findings. Thus, the trial court implicitly concluded that appellee was not in violation of R.C. 4513.05 and that the officer did not possess reasonable suspicion to stop appellee.
Therefore, based upon the trial court's conclusion and the absence of credible evidence that appellee acted in violation of the law, the officer lacked reasonable suspicion to stop and approach appellee's vehicle. Thus, we agree with the trial court's judgments that the stop violated the Fourth Amendment's prohibition against unreasonable seizures. The trial court properly suppressed the evidence.
Accordingly, based upon the foregoing reasons, we overrule the state's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: _____________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] R.C. 4513.05 governs the lighting of license plates:
 Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear. Any tail light, together with any separate light for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlights or auxiliary driving lights are lighted, except where separate lighting systems are provided for trailers for the purpose of illuminating such registration plate.
[2] We note that Ohio courts have long recognized that when a trial court reaches the correct result, but for erroneous reasons, an appellate court must nevertheless affirm the judgment if the judgment is legally correct on other grounds. See, e.g.,State v. Allen (1996), 77 Ohio St.3d 172, 672 N.E.2d 638;Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,284, 58 N.E.2d 658, 663 (stating "that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof"); Jackson v. Ohio Bur. of Worker's Comp. (1994),98 Ohio App.3d 579, 585, 649 N.E.2d 30, 34; Newcomb v. Dredge
(1957), 105 Ohio App. 417, 424, 152 N.E.2d 801, 807. In the instant case, however, appellant: (1) argues that the trial court's result is incorrect; and (2) urges this court to reverse the judgment on the basis of a theory advanced for the first time on appeal. We decline appellant's invitation and, as we point out above, find that appellant has waived any argument attacking the trial court's judgment (rather than defending the judgment) that appellant failed to raise during the trial court proceeding.
[3] The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[4] Section 14, Article I of the Ohio Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.
[5] A traffic stop is a seizure. See Dayton v. Erickson (1996),76 Ohio St.3d 3, 665 N.E.2d 1091.