This is an appeal from a judgment of conviction and sentence entered by the Athens County Common Pleas Court, upon a jury verdict, finding David R. Ault, defendant below and appellant herein, guilty of assault in violation or R.C. 2903.13 (A). The following error is assigned for our review:
 "THE TRIAL COURT COMMITTED PLAIN ERROR PREJUDICIAL TO APPELLANT BY FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT."
A brief summary of the facts pertinent to this appeal is as follows. In the early morning hours of August 1, 1999, appellant was arrested on a domestic violence charge. He was driven by police, "kicking" and "screaming," to the Southeastern Ohio Regional Jail in Nelsonville, Ohio. Upon arriving at the facility, appellant was taken to an area known as the "air lock" where prisoners are processed and their personal property is removed for safekeeping. Appellant had just started the intake procedure when he took an "elbow swing" at one of the guards. When several corrections officers attempted to subdue him, appellant bit Jason Schilling, one of the officers, drawing blood and leaving marks that were visible several months later.
On August 30, 1999, the Athens County Grand Jury returned an indictment charging appellant with assault in violation of R.C.2903.13 (A). He pled "not guilty" and the matter proceeded to a jury trial on October 27, 1999, at which time Officer Schilling and several other police and corrections officers testified about the incident in question. Appellant presented no evidence in his own defense.
At the conclusion of trial, appellant asked for a jury instruction on disorderly conduct (R.C. 2917.11) arguing that disorderly conduct is a lesser included offense. The trial court denied his request and ruled that disorderly conduct was not, in fact, a lesser included offense of assault. The jury ultimately returned a verdict finding appellant guilty of assault. On November 5, 1999, the trial court entered judgment and sentenced appellant to eleven (11) months in prison. This appeal followed.
Appellant's sole assignment of error is directed at the trial court's refusal to instruct the jury on the offense of disorderly conduct. He argues that such crime is a lesser included offense of assault and that he was entitled to the jury instruction. The court's refusal to give that instruction, appellant concludes, amounts to reversible error. We disagree.
In determining whether an instruction on a lesser included offense is warranted, the trial court's task is two-fold: first the court must determine what constitutes a lesser offense of the charged crime; and second, the court must examine the facts and ascertain whether the jury could reasonably conclude that the evidence supports a conviction for the lesser offense and not the greater. State v. Kidder (1987), 32 Ohio St.3d 279, 280,513 N.E.2d 311, 313; also see State v. Adams (1991), 74 Ohio App.3d 140,142-143, 598 N.E.2d 719, 721; State v. Kuthar (Sep. 30, 1999), Lake App. No. 98-L-117, unreported; State v. Matthews
(Dec. 19, 1996), Cuyahoga App. No. 70217, unreported.
Turning our attention to the first of these steps, we note that the Ohio Supreme Court has set out the following test for determining whether one crime is a lesser included offense of another:
 "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, at paragraph three of the syllabus; also see State v. Koss (1990),49 Ohio St.3d 213, 218, 551 N.E.2d 970, 975; State v. Smith
(1990), 49 Ohio St.3d 137, 145, 551 N.E.2d 190, 198.
In the instant case, the trial court erroneously determined that disorderly conduct, as statutorily defined by R.C. 2917.11
(A) (1), is not a lesser included offense of assault, as statutorily defined by R.C. 2903.13 (A). The majority of cases that have addressed this issue have concluded that disorderly conduct can be a lesser included offense of assault. See e.g. Statev. Reynolds (1985), 25 Ohio App.3d 59, 61, 495 N.E.2d 971, 972;State v. Roberts (1982), 7 Ohio App.3d 253, 254, 455 N.E.2d 508,509; State v. Matusic (Aug. 23, 1999), Belmont App. No. 96 BA-48, unreported; State v. Heffner (Jun. 6, 1997), Montgomery App. No. 16230, unreported; State v. McElfresh (Apr. 8, 1998), Licking App. No. 97CA72, unreported; State v. Amos (Jan. 15, 1988), Lake App. No. 12-088, unreported. This Court has also come to the same conclusion on several occasions. See e.g. State v. Lemley (Nov. 27, 1996), Gallia App. No. 95CA24, unreported; State v. Hughes (Sep. 26, 1985), Ross App. No. 1158, unreported. We acknowledge that our colleagues on the Franklin County Court of Appeals reached a different result in State v. Neal (Sep. 1, 1998), Franklin App. No. 97APA12-1676, unreported, and that this was the basis for the trial court's ruling in the case sub judice. However, after reviewing Neal we do not find its reasoning persuasive and adhere to our previous decisions in Lemley and Hughes. Appellant is therefore correct insofar as his assertion that the trial court erred by holding that disorderly conduct cannot be a lesser included offense of assault.
Our inquiry is not complete at this juncture, however. Rather, we must also ascertain whether the facts in this case reasonably justified an instruction on the lesser included offense.[1] It is well settled law that an instruction on a lesser included offense is required only when the evidence at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. See State v. Robb
(2000), 88 Ohio St.3d 59, 74, 723 N.E.2d 1019, 1039; State v.O'Neal (2000), 87 Ohio St.3d 402, 412, 721 N.E.2d 73, 85; Statev. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, at paragraph two of the syllabus. After our review of the evidence adduced at trial, we believe that appellant has not satisfied this requirement for a lesser included offense instruction.
One is guilty of assault when, among other things, one knowingly causes physical harm to another. See R.C. 2903.13 (A). Disorderly conduct occurs when somebody recklessly causes inconvenience, annoyance or alarm by inter alia engaging in fighting or violent or turbulent behavior, or by creating a condition that is physically offensive or presents a risk of physical harm. See R.C. 2917.11 (A) (1)(5). The uncontroverted evidence below indicates that appellant bit Officer Schilling with enough force to leave marks on his arm. This evidence was certainly sufficient to show that appellant caused "physical harm" and we are not persuaded that the trier of fact could have reasonably acquitted him on an assault charge while finding him guilty of disorderly conduct. Thus, it logically follows that while the latter may be a lesser included offense of the former, appellant was not entitled to a jury instruction thereon.
For these reasons, appellant's assignment of error is without merit and is hereby overruled and we affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J. Concur in Judgment Opinion
___________________________ Peter B. Abele, Judge
[1] A reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. In re Contested Election of November 2, 1993 (1995), 72 Ohio St.3d 411, 414, 650 N.E.2d 859, 862; State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92,637 N.E.2d 306, 309; Myers v. Garson (1993), 66 Ohio St.3d 610, 614,614 N.E.2d 742, 745. Even if a trial court has stated an erroneous basis for its judgment, a reviewing court will affirm the judgment if it is legally correct for another reason. Perry v. Gen. Motors Corp. (1996), 113 Ohio App.3d 318, 324,680 N.E.2d 1069, 1073; Jackson v. Ohio Bur. of Workers' Comp. (1994),98 Ohio App.3d 579, 585, 649 N.E.2d 30, 34.